# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

---

## CASE MANAGEMENT ORDER & STIPULATION REGARDING
## *BOEHNER ET AL v. CITY OF ROCHESTER*

---

**Masai Andrews,**

Plaintiff,

v.                                        21-cv-6764-FPG-MJP

**The City of Rochester, et al.,**

Defendants.

---

**Joy Elizabeth Armstrong,**

Plaintiff,

v.                                        21-cv-6717-FPG-MJP

**The City of Rochester, et al.,**

Defendants.

---

**Brandon Boehner, et al.,**

Plaintiffs,

v.                                        21-cv-6574-FPG-MJP

**The City of Rochester, et al.,**

Defendants.

---

1

**Amanda Flannery,**

       Plaintiff,

       v.                    22-cv-6101-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

---

**Kaitlin Flannery,**

       Plaintiff,

       v.                    22-cv-6062-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

---

**Tiara Grayson,**

       Plaintiff,

       v.                    21-cv-6719-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

---

**Christopher Hilderbrant,**

       Plaintiff,

       v.                    21-cv-6714-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

2

**Emily Lynch,**

   Plaintiff,

   v.          21-cv-6708-FPG-MJP

**The City of Rochester, et al.,**

   Defendants.

---

**Indiia Maring,**

   Plaintiff,

   v.          21-cv-6720-FPG-MJP

**The City of Rochester, et al.,**

   Defendants.

---

**Jamia McCuller,**

   Plaintiff,

   v.          21-cv-6763-FPG-MJP

**The City of Rochester, et al.,**

   Defendants.

---

**Wendy Painting,**

   Plaintiff,

   v.          22-cv-6179-FPG-MJP

**The City of Rochester, et al.,**

   Defendants.

---

---

**Alyssa Pigott,**

               Plaintiff,

      v.                          22-cv-6180-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Geoffrey Rogers,**

               Plaintiff,

      v.                          22-cv-6583-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Daniel Sorokti,**

               Plaintiff,

      v.                          21-cv-6709-FPG-MJP

**The City of Rochester, et al.,**

               Defendants.

---

**Maranie Rae Staab,**

       Plaintiff,

    v.                       22-cv-6063-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

---

**Nicole Hushla,**

       Plaintiff,

    v.                       22-cv-6039-FPG-MJP

**The City of Rochester, et al.,**

       Defendants.

---

## ALL ATTORNEYS ARE DIRECTED TO REVIEW THIS ORDER CAREFULLY.

This order contains scheduling deadlines and discovery directives for multiple cases.

**These cases** are assigned to the Hon. Frank P. Geraci, Jr., Senior District Judge, and referred to the undersigned. Based on the parties' letter filings and requests for deadlines and extension of deadlines in the above-referenced cases, and the Court having held a conference on July 11, 2024, the Court orders as follows under Fed. R. Civ. P. 16:

## I.    Motions to vacate default and to show excusable neglect under Fed. R. Civ. P. 6.

The City represented to the Court during the July 11 appearance before the undersigned that it has prepared motions to vacate default under Fed. R. Civ. P 55(c) in *McCuller v. City of Rochester*, No. 21-cv-6763-FPG-MJP and *Andrews v. City of Rochester*, 21-cv-6764. Once the Clerk of the Court vacates the incorrectly entered default judgment and instead enters default, the Court expects the City to file those motions promptly.

The Court reminds the City that motions to show excusable neglect under Fed. R. Civ. P. 6 are due in the following cases by no later than July 19, 2024, according to the Court's text order dated July 8, 2024 (ECF No. 86):

> The City Defendants have filed late answers to Plaintiffs' amended complaints in the following actions: (1) No. 22-cv-6180-FPG-MJP, *Pigott v. The City of Rochester, et al.*; (2) No. 22-cv-06179-FPG-MJP, *Painting v. The City of Rochester, et al.*; and (3) No. 21-cv-06719-FPG-MJP, *Grayson v. The City of Rochester, at al.* The City Defendants filed these answers on July 5, 2024.

> A day earlier, this Court directed entry of default in two other "Protest" cases and issued orders explaining its reasoning. Because the City has filed belated answers in the three cases referenced above, the Court declines to enter default immediately. It would make little sense to force the City into default under Fed. R. Civ. P. 55(a) when the analyses between excusable neglect and a motion to file a late answer are closely analogous. *Borowski v. W. Irondequoit Cent. Sch. Dist.*, 345 F.R.D. 279, 286 (W.D.N.Y. 2024).

> But the City Defendants cannot simply file belated answers. They must meet the standard for excusable neglect under Fed. R. Civ. P. 6 and do so "on motion." Fed. R. Civ. P. 6(1)(B) (extension of time may be granted, for

> good cause, "on motion made after the time has expired if
> the party failed to act because of excusable neglect"). The
> City Defendants must file motions in each of these cases,
> following all the requirements of Loc. R. Civ. P. 7. To avoid
> prejudice to Plaintiffs, the Court ORDERS the City
> Defendants to file these motions by no later than July 19,
> 2024. Failure to do so may result in the Court striking the
> City's late answers, or other sanctions as appropriate.

If the parties wish, they may stipulate that Plaintiffs do not oppose vacateur of the

entry of default or the City Defendants' motions to show excusable neglect under Rule

6. **If the parties do so stipulate, they must submit their stipulation to the**

**undersigned at [pedersen@nywd.uscourts.gov](mailto:pedersen@nywd.uscourts.gov) for the Court's review.** Private

agreements among the parties are never an excuse to ignore the Federal Rules of

Civil Procedure that direct answer deadlines.

    While the Court has an independent duty to evaluate the City's motions on

their merits, the Court will take into consideration the absence of opposition from

Plaintiffs. Finally, the parties should already be aware of Loc. R. Civ. P. 29, which

deals with stipulations:

> All stipulations, except stipulations made in open court
> and recorded by the court reporter, shall be in writing and
> signed by each attorney and/or *pro se* litigant. The parties
> shall determine who will be responsible for filing, and a
> copy of the stipulation, with signatures conformed (*i.e.*,
> "s/Jane Doe," "s/John Smith"), shall be filed electronically.
> The Court will act on the filed stipulation, as necessary and
> appropriate.

## II.    Deadlines.

    1.    **ESI order.** By no later than October 18, 2024, the parties are ordered

to submit a proposed joint electronic discovery order. The parties anticipate that this

order will include, but not be limited to, the following issues:

a. Production of all relevant body worn camera recordings by Rochester Police Department officers, Monroe County Sheriff's Deputies, and any other law enforcement officers that are in Defendants' possession, custody, or control.

b. Productions of records that demonstrate what officers, by name and badge numbers, correspond to identifying information in the relevant body worn camera videos.

c. Production of all relevant video recordings by Aerial Drones owned or operated by the City or the Rochester Police Department, the County or the Monroe County Sheriffs Office, or any other law enforcement agency that are in Defendants' possession, custody or control.

d. Production of all metadata related to all of defendants' body worn camera recordings relevant to these proceedings.

e. Production of all metadata related to defendants' relevant drone recordings and other relevant videos and photographs.

f. Production of relevant photographs and videos by plaintiffs.

2. **Motions to join parties and amend the pleadings.** By no later than January 16, 2025, the parties are ordered to file any motions to join parties or amend their pleadings.

3. **Close of discovery.** By no later than February 3, 2025, the parties are ordered to complete all fact discovery in these cases.

8

4.    **Motions to compel discovery.** Any motions to compel discovery shall be filed by no later than March 3, 2025.

5.    **Expert discovery.** Plaintiffs shall identify any expert witnesses and provide reports by no later than March 3, 2025. Defendants shall identify any expert witnesses and provide reports by no later than May 30, 2025. All expert discovery shall be completed by no later than May 30, 2025.

6.    **Dispositive motions.** All dispositive motions shall be due by September 30, 2025.

### III.   Discovery.

7.    **A further case management conference is scheduled before the undersigned on August 15 at 9 a.m.** Call-in information remains the same as earlier conferences. The Court directs the parties to meet-and-confer, preferably in-person, as the City Defendants suggested in a recent letter, before the August 15 conference about any deficiencies in the City's forthcoming responses due by August 1, 2024.

8.    The City Defendants are **ORDERED** to hand over all outstanding discovery (i.e., requests to which it has not responded, or initial disclosures required under Fed. R. Civ. P. 26) by no later than August 1, 2024. If the City does not provide responses in any of these cases, the Court has given Plaintiffs permission to bring a motion to compel at any time after August 1, 2024. If the City does provide responses but they are deficient, the Court requests that the parties meet-and-confer and

discuss with the court at the August 15 conference. The Court may then permit Plaintiffs to bring motions to compel in these cases.

9.     ***Monell* discovery.** To the extent practicable in these cases as well as the other cases pending in the Western District arising from the 2020 protests, the parties shall conduct joint discovery regarding Plaintiffs' *Monell* claims. Additionally, Plaintiffs anticipate taking numerous *Monell*-related depositions of City and County policymakers and high-ranking officials from the Rochester Police Department and Monroe County Sheriff's Office. Plaintiffs also anticipate taking multiple Rule 30(b)(6) depositions on various topics. The parties shall work to streamline these depositions, as they will be applicable to numerous different cases.

a.     Plaintiffs shall serve *Monell* discovery demands separate from "individual" or "case specific" discovery demands, to the extent practicable. Because *Monell* demands have already been served in the case Amanda *Flannery v. City of Rochester*, et al., 22-cv-6101, Plaintiff shall continue to serve *Monell* discovery demands that will be applicable to all the related protest cases, in the case *Amanda Flannery v. City of Rochester*, et al., 22-cv-6101, except where case-specific issues require serving separate *Monell* demands.

b.     Plaintiffs shall produce *Monell* discovery applicable to all the cases using a common Bates Numbering system. For example: Protest_Monell_00001.

c.   Plaintiffs shall produce case specific discovery using a case-specific Bates Numbering system. For example: AFlannery_00001.

d.   Defendants shall produce *Monell* discovery applicable to all the cases using a common Bates Numbering system. For example: COR_Monell_00001 and County_Monell_00001.

e.   Defendants shall produce case specific discovery using case-specific bates numbers. For example: COR_AFlannery_0001 and County _AFlannery_0001.

f.   The Court specifically exempts, for now, the case of *Hall v. City of Rochester, et al.*, (21-cv-6296) from the *Monell* discovery provisions of this order.

## IV.   Stipulation

10.   During the case management conference on July 11, 2024, the parties all stipulated that for *Boehner et al v The City of Rochester*, No. 21-CV-6574-FPG-MJP, the operative pleading is the one filed at ECF No. 78 and does *not* require a further Answer from Defendants.

## V.   Warning and further directions to the Clerk
## of the Court.

11.   The undersigned may, on motion or *sua sponte*, impose sanctions where parties willfully ignore or otherwise fail to adhere to this consolidated pretrial order. *See* Fed. R. Civ. P. 16(f).

12.     On July 11, 2024, the Clerk of the Court entered default judgments in *McCuller v. The City of Rochester, et al.*, No. 21-cv-6763 and in *Andrews v. The City of Rochester, et al.*, No. 21-cv-6764. Admittedly, Fed. R. Civ. P. 55 is not crystal clear: "entry of default" can certainly be confused with "default judgment." Further, the undersigned should only direct an entry of default pursuant to Fed. R. Civ. P. 55(a); dispositive matters such as the entry of a default judgment are left to the District Judge. The Court thus directs the Clerk of the Court to **VACATE** the default judgments and instead to enter defaults under Fed. R. Civ. P. 55(a) in substantially the same form as the entry of default form located at page five of the "Default Judgment Package March 2017" available on the Court's public website at https://www.nywd.uscourts.gov/forms-3.

**SO ORDERED.**

Dated:      October 21, 2024
            Rochester, NY                    */s/ Mark W. Pedersen*
                                            MARK W. PEDERSEN
                                            United States Magistrate Judge