UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

AMENDED CASE MANAGEMENT ORDER

**Brandon Boehner, et al.,**

      Plaintiffs,

v.                                                             21-cv-6574-FPG-MJP

**The City of Rochester, et al.,**

      Defendants.

**Amanda Flannery,**

      Plaintiff,

v.                                                             22-cv-6101-FPG-MJP

**The City of Rochester, et al.,**

      Defendants.

**Kaitlin Flannery,**

      Plaintiff,

v.                                                             22-cv-6062-FPG-MJP

**The City of Rochester, et al.,**

      Defendants.

**Tiara Grayson,**

        Plaintiff,

        v.                    21-cv-6719-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Christopher Hilderbrant,**

        Plaintiff,

        v.                    21-cv-6714-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Jaeylon Johnson,**

        Plaintiff,

        v.                    24-cv-6081-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Emily Lynch,**

        Plaintiff,

        v.                    21-cv-6708-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Indiia Maring,**

        Plaintiff,

        v.                                                                                          21-cv-6720-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Jamia McCuller,**

        Plaintiff,

        v.                                                                                          21-cv-6763-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Wendy Painting,**

        Plaintiff,

        v.                                                                                          22-cv-6179-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Alyssa Pigott,**

        Plaintiff,

        v.                                                                                          22-cv-6180-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Geoffrey Rogers,**

        Plaintiff,

        v.                                22-cv-6583-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Daniel Sorokti,**

        Plaintiff,

        v.                                21-cv-6709-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Maranie Rae Staab,**

        Plaintiff,

        v.                                22-cv-6063-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

**Stephanie Woodward,**

        Plaintiff,

        v.                                21-cv-6685-FPG-MJP

**The City of Rochester, et al.,**
        Defendants.

**Nicole Hushla,**

        Plaintiff,

    v.                                                                        22-cv-6039-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

---

**Jesse Ames,**

        Plaintiff                                                22-cv-6409-FPG-MJP

    v.

**The City of Rochester, et al.**

        Defendants.

---

**Sabine Adler,**

        Plaintiff,

    v.                                                                        23-cv-6513-FPG-MJP

**The City of Rochester, et al.,**

        Defendants.

| | |
|---|---|
| **Kavonna Buchanan,** | |
| Plaintiff, | |
| v. | 23-cv-6292-FPG-MJP |
| **The City of Rochester, et al.** | |
| Defendants. | |

| | |
|---|---|
| **Katie Adamides, et al.,** | |
| Plaintiffs, | |
| v. | 24-cv-6107-FPG-MJP |
| **The City of Rochester, et al.,** | |
| Defendants. | |

**PURSUANT TO** the order of the Hon. Frank P. Geraci, Jr., Senior District Judge, referring the above case to the undersigned for pretrial matters and the entry of a scheduling order under Fed. R. Civ. P. 16(b) and W.D.N.Y. Loc. R. Civ. P. 16, and the parties having submitted a joint discovery plan or motion for an extension of deadline(s), and the undersigned having found good cause pursuant to Fed. R. Civ. P. 16(b)(4), the Court

**ORDERS** that

1. **Mandatory disclosures.** The deadline has passed for the parties' compliance with the mandatory initial disclosure requirements of Fed. R. Civ. P. 26.

2. **Motions to amend.** The deadline has passed for the parties to file any motions to amend the pleadings or to add or join any parties.

3. **Close of fact discovery.** The parties shall complete all fact discovery by **July 31, 2026.**

4. **Experts.** Plaintiff shall identify any expert witnesses and serve any expert reports no later than **November 20, 2026.** Defendant shall identify any expert witnesses and serve any expert reports no later than **December 21, 2026.** All expert discovery, including depositions, shall be completed by **January 22, 2027.**

5. **Motions to compel.** The parties shall file any motions to compel discovery no later than **July 31, 2026.**

6. **Dispositive motions.** Dispositive motions, if any, shall be filed no later than **March 10, 2027.**

7. **Discovery disputes.** If a discovery dispute arises, the parties shall initially advise the Court of the dispute via letter (with copy to opposing counsel). Upon review of the letter, the Court will generally schedule a conference with the parties to attempt to settle the dispute informally. If the dispute is not resolved informally, the parties will have the opportunity to file a formal motion. This informal discovery dispute process is not expedited motion practice. Therefore, letter submissions should provide a brief overview of the issue with supporting documentation and the parties' position. Parties do not waive arguments by failing to raise them in their letter submissions. If a dispute arises during the taking of a

7

deposition that cannot be resolved by the parties, the parties are permitted to contact chambers via telephone from the location of the deposition.

8. **Extensions.** COUNSEL IS DIRECTED TO READ THIS PROVISION CAREFULLY.

    a.    When seeking an extension of **any deadline** in this scheduling order, the parties **must file a motion, or letter motion, before the deadline that shows good cause.** Absent truly exceptional circumstances, any motion for an extension shall be made at least one week before the deadline to be extended.

    b.    **The Court will deny any extension request that fails to show diligence.** "[A] finding of good cause depends on the diligence of the moving party." *Parker v. Columbia Pictures Indus.*, 204 F.3d 326, 340 (2d Cir. 2000).

    c.    **The Court may reject any extension request and require it to be refiled if it does not include specific new dates that fall on a business day.**

9. **Warning.** The undersigned may, on motion or *sua sponte,* impose sanctions where parties willfully ignore or otherwise fail to adhere to this scheduling order under Fed. R. Civ. P. 16(f).

**SO ORDERED.**

Dated:     January 9, 2026
               Rochester, NY

                                                                MARK W. PEDERSEN
                                                              United States Magistrate Judge